# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>   Plaintiff,<br><br>  v.<br><br>MIKE STRAINER, et al.,<br><br>   Defendants. | Case No.: 1:16-mc-00030-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE AND/OR EXEMPTION FROM E-FILING CIVIL RIGHTS COMPLAINT<br><br>[ECF No. 1] |

  On May 13, 2016, Plaintiff Edward Thomas filed a motion for leave and/or exemption from the 25-page limitation on e-filing his civil rights complaint pursuant to 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

  On February 24, 2016, this Court issued a Standing Order for the United States District Court for the Eastern District of California, Fresno Division, that describes a pilot program in which the Court and the California Department of Corrections and Rehabilitation (CDCR) have agreed to participate in a program whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims are electronically filed. As part of this pilot program, CDCR has agreed to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions which CDCR and the Court agree shall participate in the program. This pilot program is designed to reduce the costs of

processing court filings in civil rights cases brought by incarcerated Plaintiffs pursuant to 42 U.S.C. § 1983.  This Standing Order only applies to initial filings by Plaintiffs which is defined as the complaint, an application to proceed in forma pauperis without prepayment of fees, or a motion seeking relief from this Standing Order or a motion for emergency relief.  At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless done pursuant to the Standing Order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours.  After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California.  Initial filings from inmate Plaintiffs who reside at participating institutions, not sent through the e-filing procedures, unless those for which the filing fee is paid in full, will be rejected by the Court.[1]

Plaintiffs shall provide their complaint and any application to proceed in forma pauperis without prepayment of fees to CDCR in conformity with CDCR's procedures for the electronic filing of initial documents, including any applicable procedures for paying for photocopies.  Plaintiffs are required to pay for photocopies according to the applicable CDCR policies and procedures.  To facilitate complaint with Federal Rule of Civil Procedure 8(a)(2), complaints shall not exceed twenty-five (25) pages in length.  In the event a Plaintiff needs to file a complaint longer than twenty-five (25) pages, he or she must submit a motion demonstrating the grounds for the need to exceed the page limitation, along with the proposed complaint, to the Court for permission to exceed the page limit.

In this instance, Plaintiff seeks relief from the twenty-five limitation of civil rights complaint filed through the e-filing system because: (1) he is in need of an emergency restraining order to prevent Defendants from housing him with an incompatible cellmate; (2) the allegations in the complaint are ongoing and reoccurring; and (3) the law librarian has prevented Plaintiff from submitting an in forma pauperis application and prohibited access to legal supplies.

Plaintiff's motion to exceed the twenty-five limitation must be denied.  First, Plaintiff failed to submit a proposed copy of the complaint.  Second, the fact that Plaintiff believes he is in immediate

---

[1] Since the e-filing program has no way of collecting filing fees, inmate Plaintiffs who wish or must pay a full filing fee must submit their initial filings through the United States mail.

need of an emergency restraining order does not provide "good cause" to exceed the page limitation. If Plaintiff believes that he is in need of such order, he may and can file a separate motion relating to such request. Third, the fact that Plaintiff's complaint alleges ongoing and reoccurring events does not provide "good cause" to exceed the page limitation. Indeed, the Court is faced with similar circumstances almost daily in cases brought by prisoners. Lastly, Plaintiff's claim that he is denied access to legal materials is belied by the fact that he was able to file the instant motion on pleading paper and attached with a proof of service page. If Plaintiff is in need of an application to proceed in forma pauperis, the Court can and will provide such form after the complaint is e-filed with the Court.

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and detailed factual allegations are not required. Fed. R. Civ. P. 8(a)(2). It is the Court's responsibility to control its docket and enforce the requirements of Rule 8 by setting reasonable limitations on the page length of a pleading. Simply stated, the Court finds that Plaintiff has not set forth a "good cause explanation" as to why he cannot meet the Court's 25-page limitation for the e-filing of his civil rights complaints, and Plaintiff's motion to exceed the page limitation must be denied.

## II.

## ORDER

Based on the foregoing, Plaintiff's motion to exceed the twenty-five limitation for his civil rights complaint is HEREBY DENIED. If and when Plaintiff files a civil rights complaint by way of the e-filing system, a civil rights action will be opened and assigned a civil case number as set forth in the Court's Standing Order.

IT IS SO ORDERED.

Dated:   **May 17, 2016**

UNITED STATES MAGISTRATE JUDGE

3