UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIKE STRAINER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-mc-00030-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MAY 18, 2016, ORDER DENYING MOTION FOR LEAVE AND/OR EXEMPTION FROM THE PAGE LIMITATION ON E-FILING COMPLAINT<br><br>[ECF No. 4] |

On May 13, 2016, Plaintiff Edward Thomas filed a motion for leave and/or exemption from the 25-page limitation on e-filing his civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court's denied Plaintiff's motion on May 18, 2016, finding Plaintiff failed to set forth a "good cause explanation" as to why he cannot meet the Court's 25-page limitation for the e-filing of his civil rights complaint.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's May 18, 2016, order.  Plaintiff seeks to submit a one hundred page complaint because he has forty-eight defendants plus eight Doe defendants and several different claims spanning over a two year period of time.  Plaintiff also contends that he must set forth all the appeals relating to his issues to demonstrate that he fully exhausted the administrative remedies.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent

manifest injustice and is to be utilized only where extraordinary circumstances exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. <u>Id.</u> (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff is advised that a basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Each claim that is raised in a complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

In addition, as Plaintiff was previously advised, Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a

single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). The function of the complaint is not to list every single fact relating to Plaintiff's claims. Plaintiff must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

Although Plaintiff is appearing in propria persona, Plaintiff is expected to familiarize himself with, and adhere to, all applicable rules, including the Local Rules and Federal Rules of Civil Procedure. Simply stated, the fact that Plaintiff names forty-eight defendants and eight "Doe" defendants and seeks to present several different constitutional claims does not demonstrate "good cause" to exceed the 25-page limitation for e-filing his civil rights complaint. Furthermore, exhaustion of the administrative remedies is an affirmative defense which need not be plead in the complaint. Albino v. Baca, 747 F.3d 1162, 1164 (9th Cir. 2014) ("failure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specifically plead or demonstrate exhaustion in their complaints.") The Court finds that Plaintiff is no different than many other inmates who have e-filed a 25-page civil rights complaint raising several claims against several defendants. Accordingly, Plaintiff's motion for reconsideration of the Court's May 18, 2016, order denying his motion for leave and/or exemption from the 25-page e-filing limitation is DENIED.

IT IS SO ORDERED.

Dated:   **June 2, 2016**

UNITED STATES MAGISTRATE JUDGE